**UNITED STATES DISTRICT COURT**
**MIDDLE DISTRICT OF FLORIDA**
**JACKSONVILLE DIVISION**

**SANDY BEAL, individually and as the**
**natural mother and guardian for**
**Matthew Waters, a minor,**

      **Plaintiff,**

v.                                                                                       **CASE NO. 3:05-cv-689-J-16MMH**

**BARNES HEALTHCARE OF FLORIDA,**
**LLC, a Georgia limited liability company,**

      **Defendant.**
_____/

## ORDER, FINDINGS OF FACT AND CONCLUSIONS OF LAW

Bench trial was held in this cause on October 31, 2006. The Court heard testimony from several witnesses, received documents into evidence and heard argument of counsel. Additionally, the parties submitted revised proposed findings of fact and conclusions of law. Accordingly, the Court makes the following findings of fact and conclusions of law.

**I.     Background**

A Motion for Summary Judgment (Doc #18) was filed by the Plaintiff to which the Defendant filed a Response as well as a Cross Motion for Summary Judgment (Doc #20). Plaintiff filed a response (Doc #22) and this Court entered an Order denying the Motions for Summary Judgment (Doc #25). The Court in its Order found that the hazardous activity exclusionary clause was clear and unambiguous and should be enforced. Having reached that conclusion, it found that Defendant's decision to deny payment of Plaintiff's medical bills was not wrong. However, out of an abundance of caution, the Court denied summary judgment finding that it was unable to determine if the Defendant provided the summary plan description (SPD) to the Plaintiff and if there

was a failure to do so, did it cause the Plaintiff harm. This is the only issue remaining before the Court to be decided.

## II.   Findings of Fact

The Court hereby makes the following findings of material fact upon the evidence presented by the parties at trial in this cause:

Plaintiff, Sandy Beal, was employed by the Defendant, Barnes Healthcase of Florida, LLC, d/b/a OptionCare at all relevant times. At some point during November 2003, Defendant sponsored an insurance enrollment seminar regarding different insurance plans. This meeting was conducted by Brian Mitchell of Valdosta Insurance, Barnes' agent for the enrollment. It is uncontroverted that Plaintiff Beal attended this meeting. All attendees, including Plaintiff, were provided 10-15 pages of information about the plan. One of the documents provided was a "Benefits Information Online" information sheet (Defendant's Exhibit 1) which gave the website address where the plan documents could be viewed and printed, and where other information and resources related to the plan could be found. All enrollees were also given contact information for both Mitchell and his assistant if there were any questions or problems.

Plaintiff's children had been active in sports, including son Matthew Waters, for some time. Plaintiff testified that because of her children's activities in sports, she was looking at Option A which had less out of pocket expenses and a lower deductible. On May 15, 2004 while participating in a Southern Junior Rodeo event in Live Oak, Florida, Plaintiff's son Matthew was injured. Medical bills were incurred in seeking treatment for her son's injuries.[1] After Plaintiff received

---

[1] It is not relevant to the issue at hand as to whether or not the medical providers accepted Plaintiff's insurance card. The same is true regarding the posting of the bills on the website showing that they had been paid. What is at issue is that because of the subsequent denial of payment of these medical bills, Plaintiff accessed the website and obtained a copy of the SPD.

collection notices for the non-payment of these medical bills, she accessed the website, printed a copy of the Summary Plan Description and learned of the exclusion for hazardous activities.

Plaintiff testified at trial that she had access to a computer at work and could access the Internet. As stated above, she in fact, accessed the website to obtain the SPD. Plaintiff also testified that she did not request, in writing, a copy of the SPD at any time from anyone.

**III.     Conclusions of Law**

The Court hereby makes the following conclusions of law based upon the findings of fact listed above and the evidence presented by the parties at trial in this cause.

As stated above, the issue before the Court is whether or not the Plaintiff was provided a copy of the SPD and if not, was that harmful to the Plaintiff.

ERISA requires that an administrator furnish participants a Summary Plan Description. 29 U.S.C. §1021(a), 1022(a). The key word is "furnish". Defendant states that providing information as to where to obtain the document, i.e., website, at corporate office, and providing the ability to obtain the document, i.e., access to a computer and the Internet, meets the requirements of the statute. The Court would have to agree. In today's ever increasing electronic society, transmission by email and/or referral to websites are the norm rather than the exception. Banks offer online banking, electronic transfer of funds; credit card statements can be accessed on-line; purchases for goods and services can be made via accessing the appropriate website and "Google" has become a verb instead of just the name of a company. So Barnes decision to provide the SPD via the Internet was appropriate. Also see 29 C.F.R.§ 2520.104b-1©) which states that "furnishing documents through electronic media is deemed to satisfy the requirements" and applies to participants who have "the ability to effectively access documents at any location where the participant is reasonably

expected to perform his/her duties." There was testimony by Mrs. Beal that she had access to a computer at work and that she could access the Internet. Further evidence shows that she did, albeit after the denial of benefits, access the appropriate website and obtain the SPD. Therefore, the Court finds that the Plaintiff was furnished the SPD as required.

Accordingly, it is hereby **ORDERED and ADJUDGED** that judgment will be entered in favor of the Defendant and against the Plaintiff. The Clerk of Court is hereby directed to enter judgment accordingly.

**DONE AND ORDERED** in Chambers at Jacksonville, Florida this 25th day of January, 2007.

_____
JOHN H. MOORE II
United States District Judge

Copies to: Counsel of Record